**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTORIA ANN RISSER,** | : | **CIVIL NO. 1:25-CV-2467** |
| | : | |
| **Plaintiff,** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LEBANON COUNTY CHILDREN AND** | : | |
| **YOUTH, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

## I.    Factual Background

This case comes before us for a legally mandated screening review of the *pro se* plaintiff's pleadings. In her complaint the plaintiff, Victoria Risser, levels grave allegations, albeit in a form which simply does not comply with federal pleading standards. Risser's *pro se* complaint lists more than a dozen individual and institutional defendants. These institutional defendants include Lebanon County Children and Youth Services; Lebanon County Domestic Relations; the county Orphans Court and Court Administration; along with the Department of Human Services. (Id.)

The complaint also identifies six individual defendants. (Id.) However, while these individuals are listed in the caption of the case, they are not mentioned in the

1

body of this pleading. Thus, the involvement of these individuals in the matters alleged by Risser is entirely unclear. Instead, the complaint alleges in a summary fashion that Risser's parental rights were unlawfully terminated, and her children were left in an abusive environment. (Id.) Risser then demands $3,200,000 in damages from the defendants as well as the reinstatement of her parental rights. (Id.)

Along with this complaint Risser sought, and obtained, leave to proceed *in forma pauperis*. However, Risser was placed on notice that the Court would conduct a preliminary screening review of the legal sufficiency of this pleading. (Doc. 4).

This case has now been referred to the undersigned for the purpose of conducting this review. Upon review, for the reasons set forth below, we find that the amended complaint fails to state a claim upon which relief may be granted under 42 U.S.C. §1983. Therefore, we recommend that the complaint be dismissed.

## II.     Discussion

### A.     Screening of *Pro Se* Complaints–Standard of Review

This Court has an ongoing statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, we are obliged to review the complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a

complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

3

alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain

4

more than mere legal labels and conclusions. Rather, a complaint must recite factual

allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of

mere speculation. As the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state
> a claim, district courts should conduct a two-part analysis. First, the
> factual and legal elements of a claim should be separated. The District
> Court must accept all of the complaint's well-pleaded facts as true but
> may disregard any legal conclusions. Second, a District Court must then
> determine whether the facts alleged in the complaint are sufficient to
> show that the plaintiff has a "plausible claim for relief." In other words,
> a complaint must do more than allege the plaintiff's entitlement to relief.
> A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

> Two years after Fowler, the Third Circuit further observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for
> overcoming a motion to dismiss and refined this approach in Iqbal. The
> plausibility standard requires the complaint to allege "enough facts to
> state a claim to relief that is plausible on its face." Twombly, 550 U.S.
> at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard
> when the factual pleadings "allow[ ] the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged." Iqbal,
> 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).
> This standard requires showing "more than a sheer possibility that a
> defendant has acted unlawfully." Id. A complaint which pleads facts
> "merely consistent with" a defendant's liability, [ ] "stops short of the
> line between possibility and plausibility of 'entitlement of relief.'"

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011).

In practice, consideration of the legal sufficiency of a complaint entails a three-

step analysis:

First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which defines what a complaint should say and provides that:

(a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal guideposts, for the reasons set forth below it is recommended that this complaint be dismissed.

6

### B.    This Complaint Fails as a Matter of Law.

In our view, Ms. Risser's complaint is flawed in at least two ways.

At the outset, in her complaint Ms. Risser seeks to sue a host of state agencies for more than $3,000,000 in damages as a result of alleged civil rights violations. These state agency defendants include Lebanon County Children and Youth Services; Lebanon County Domestic Relations; the county Orphans Court and Court Administration; along with the Department of Human Services.

Risser's claims against these state agencies encounter an immediate and insurmountable obstacle since these claims are barred by the Eleventh Amendment to the United States Constitution which provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. Although the text of the Amendment seems only to restrict the Article III diversity jurisdiction of federal courts, the United States Supreme Court has explained that it has "understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition . . . which it confirms." Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996) (quoting Blatchford v. Native Village of Noatak, 501 U.S. 775, 779 (1991)). What that "presupposition" means is two-fold: "first, that each State is a sovereign entity in our federal system; and second, that [i]t is inherent in the nature

of sovereignty not to be amendable to the suit of an individual without its consent."

Id. (quoting Hans v. Louisiana, 134 U.S. 1, 13 (1890)) (internal quotations omitted).

Pennsylvania has not consented to be sued in federal court. See 42 Pa. Cons. Stat. Ann. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); see also 1 Pa. Cons. Stat. Ann. § 2310 (under Pennsylvania law, the Commonwealth enjoys sovereign immunity unless the General Assembly "specifically waives sovereign immunity."); Pa. Const. art. I, § 11 (providing that the Commonwealth may be sued only "in such manner, in such courts and in such cases as the Legislature may by law direct."). Although the Commonwealth has expressly waived its sovereign immunity from suit in state court in nine specific areas, it has not waived its immunity from being sued in federal court for any reason. See 42 Pa. Cons. Stat. Ann. § 8521(b); Chittister v. Dep't of Community and Economic Development, 226 F.3d 223, 227 (3d Cir. 2000) (noting that the Commonwealth "has waived immunity only for certain specified tort claims in suits for damages in state court," while at the same time has emphasized that nothing in the waiver statute shall be construed to waive immunity from suit in Federal courts). Accordingly, the Third Circuit Court of Appeals has long made clear that Pennsylvania has not consented to be sued in federal court. See id.; Wheeling & Lake Erie Ry. v. Public Util. Comm'n, 141 F.3d 88, 91 (3d Cir. 1998);

Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981).

In this case, CYS and Lebanon County Domestic Relations are arms of the Commonwealth of Pennsylvania, and the Third Circuit Court of Appeals has held that "Pennsylvania's domestic relations agencies, such as Children and Youth Services, are defined by statute as arms of the state courts and institutions of state government," and thus subject to immunity under the Eleventh Amendment. Wattie-Bey v. Attorney General's Office, 424 F. App'x 95, 98 and n.2 (3d Cir. 2011); see also Walters v. Washington County, No. 06-1355, 2009 WL 7936639 (W.D. Pa. Mar. 22, 2009); Van Tassel v. Lawrence County Domestic Relations Section, No. 09-266, 2009 WL 3052411 (W.D. Pa. Sept. 22, 2009). "Furthermore, the state courts of Pennsylvania, including their domestic relations sections, are entitled to immunity from suit in federal court pursuant to the Eleventh Amendment." Bryant v. Cherna, 520 F. App'x 55, 57 (3d Cir. 2013) (citing Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir.2008)). Likewise, the Department of Human Services "is 'entitled to assert Pennsylvania's Eleventh Amendment immunity[,]' because 'it is an administrative agency without existence apart from the Commonwealth.'" Sherle v. Pennsylvania Dep't of Hum. Servs., No. 3:21-CV-140, 2022 WL 17469468, at *2 (W.D. Pa. Dec. 6, 2022) (quoting Anthony v. Torrance State Hosp., No. 3:16-CV-29, 2016 WL 4581350, at *2 (W.D. Pa. Sept. 1, 2016)). Accordingly, Ms. Risser's claims for damages from these state agencies run afoul of

9

the Eleventh Amendment to the United States Constitution and should be dismissed.

As for the individual defendants named in the complaint, while they are listed in the caption of this pleading, they are not identified in any way in the body of this pleading. Therefore, the complaint contains no well-pleaded facts describing their alleged roles in these events.

This cursory form of pleading will not do. It is axiomatic that in order to be liable for federal civil rights violations under 42 U.S.C. § 1983, a defendant "must have had personal involvement in the alleged wrongdoing." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Such personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence. Rode, 845 F.2d at 1207. These allegations, however, must be pleaded and proven with sufficient particularity. Id. Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegation of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

Here, Ms. Risser's complaint names six individuals in the caption of the case and then seek to hold these defendants personally liable without making any specific factual allegations about these defendants in the body of this pleading. To the extent that the plaintiff simply premises the liability of these defendants upon their

governmental status without setting forth any further factual basis for a claim in the body of this pleading, this cursory style of pleading is plainly inadequate to state a claim against these individuals and compels dismissal of these defendants. See Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case).

While the complaint, as written, is deficient, we recognize that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the plaintiff's complaint is, on its face, flawed since these *pro se* pleadings do not contain sufficient factual recitals to state a claim upon which relief may be granted. Therefore, the complaint should be dismissed under 28 U.S.C. § 1915 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Nonetheless acting out of an abundance of caution, it is recommended that Ms. Risser be given leave to amend this complaint in order to endeavor to state a claim upon which relief may be granted, provided she acts promptly.

### III.    <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint, (Doc. 1), be DISMISSED without prejudice to the filing of an amended complaint which states a claim upon which relief may be granted.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of January 2026.


                                         *S/ Martin C. Carlson*
                                         Martin C. Carlson
                                         United States Magistrate Judge